**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRANDON WRIGHT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 26-144 (EGS) |
| | * | |
| MARKWAYNE MULLIN et al. | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HEIDI DOE'S SEALED MOTION FOR LEAVE TO
FILE UNDER SEAL CORRECTED MOTION AND
MEMORANDUM TO PROCEED UNDER PSEUDONYM,
SEALED DECLARATION, AND PROPOSED ORDER**

In an attempt to address the Court's Minute Order dated April 29, 2026, that struck two of her filings (Dkts. 15, 20) for procedural deficiencies, Defendant Heidi Doe[1] ("Defendant Doe") has moved this Court for leave to file under seal three documents: a corrected Motion to Proceed under a Pseudonym ("Proposed Motion")(Dkt. 23-1), her declaration submitted in support of the Motion ("Proposed Declaration")(Dkt. 23-2), and a proposed Order outlining the relief requested by the Proposed Motion (Dkt. 23-3).[2] These three documents would effectively replace Defendant Doe's original Motion and related filings. Dkt. 15.

---

[1] Through their representation of another client in separate litigation, *see Mannina v. O'Keefe Media Group*, et al., Civil Action No. 25-1524, Dkt. 30 (D.D.C.)(APM), undersigned counsel are aware of the true name and mailing address of Defendant Doe. That information remains temporarily under seal subject to pending motion practice addressing the same issue presented to this Court.

[2] Defendant Doe's latest filing is once again deficient under the Local Rules. Not only did she file her operative Motion under seal (Dkt. 23) without permission, she failed to include a proposed Order for her Motion for Leave, notwithstanding the requirement of LCvR 7(c). The proposed Order that was included (Dkt. 23-3) supports the underlying pseudonym relief (Dkt. 23-1) rather than the leave to actually seal the filings.

The only issue currently before the Court is whether Defendant Doe should be granted leave to file these documents under seal in their entirety. Once that issue is addressed attention can be turned to the underlying substance of whether she should be permitted to proceed anonymously, which is also opposed. Because Defendant Doe's Motion for Leave is unwarranted and excessive, as well as procedurally improper, it should respectfully be denied.[3]

## PROCEDURAL HISTORY

Defendant Doe has moved the Court for leave to file certain documents under seal due to her prior procedural mistakes. On March 30, 2026, she originally filed under seal all documents connected to her Motion and Memorandum to Proceed Under Pseudonym with Partial Sealing and for a Protective Order ("Doe's Motion to Seal"), Dkt. 15. This initial attempt included the same Proposed Declaration and Order now being addressed as exhibits. Dkts. 23-1, 23-2. Unfortunately, Defendant Doe did not separately or contemporaneously seek leave of the Court prior to filing all the documents under seal, the act of which the undersigned had noted was opposed.

As a matter of caution, in response to the earlier filing, Plaintiff Brandon Wright ("Mr. Wright") sought leave of the Court to file under seal his opposition to Doe's Motion to Seal. (Dkt. 17)(filed April 13, 2026). In his Motion, which unlike here was consented-to by Defendant Doe's counsel, Mr. Wright noted that Defendant Doe's efforts were procedurally improper, absolutely excessive and unnecessary (especially since specific redactions could be applied), and he challenged her underlying request for relief. *Id.*, *1-*2; *see also* Dkt. 18 at *passim* (filed under seal on April 13, 2026)(Memorandum in Opposition to Doe's Motion to Seal)(detailing

---

[3] To be clear from the outset, while maintaining that Defendant Doe's filings should not be under seal (or that she be permitted to proceed anonymously as a defendant), Mr. Wright has no objection to narrow redactions of limited personal details, such as Defendant Doe's mailing address, contact information and current employer's name and address.

substantive arguments challenging sealing request).[4] On April 20, 2026, Defendant Doe filed her Reply in Support of her Motion to Seal, which was also submitted without independently or contemporaneously asking for leave of the Court. Dkt. 20.

On April 29, 2026, the Court entered a Minute Order stating:

> Local Civil Rule 5.(h)(1) provides that "[a]bsent statutory authority, no case or document may be sealed without an order from the Court." Defendant Heidi Doe has filed documents under seal without moving to file them under seal. Accordingly, the Court STRIKES the following documents from the docket in the case: ECF No. 15 and ECF No. 20.

Notably, the Minute Order did not strike Mr. Wright's opposition pleading. Dkt. 18. In order to cure the Court striking her filings, Defendant Doe unnecessarily filed under seal (and again improperly without Court authorization) her Motion for Leave on April 30, 2026. Dkt. 23.[5] Given that no part of her Motion for Leave (which consists of a mere one and one-half pages of text) implicates any personally identifying information of Defendant Doe, and in fact addresses nothing beyond the requisite and expected legal arguments, Mr. Wright is filing this opposition on the public docket where it belongs. Quite simply, contrary to the circumstances that applied to the substantive factual arguments in Dkt. 18, there is no legitimate basis that requires Mr. Wright

---

[4] Respectfully, this is not the first time undersigned counsel have brought this requirement to the attention of opposing counsel. As noted above, Defendant Doe is also a defendant in *Mannina v. O'Keefe Media Group, et al.*, Civil Action No. 25-01524 (D.D.C)(APM), where she is represented by the same counsel as well. In that case, Defendant Doe also filed a similar Motion to Proceed under Pseudonym without first obtaining the Court's leave. In a publicly filed opposition pleading, undersigned counsel similarly noted this procedural defect. *Id.*, Dkt. 37 at 1. There has been no ruling to date on this issue in *Mannina*.

[5] "A motion for permission to file material under seal is not confidential and should not be sealed; instead, it should be entered on ECF so that it is brought to the attention of both the court and the opposing party." *DAG Enters. v. Exxon Mobil Corp.,* 2005 U.S. Dist. LEXIS 3566, *4 (D.D.C. Feb. 12, 2005). *See also* LCvR 5.1(h)(1)("A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.").

to file this pleading under seal, even as a precaution. Despite the efforts by Defendant Doe to keep this battle in the shadows, this case merits being fought in the open for the public to see.

## ARGUMENT

In addressing motions to file records under seal in a case, "[t]he starting point . . . is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Housing Authority*, 843 F.3d 973, 980 (D.C. Cir. 2016), *quoting EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). For the last four decades, when assessing a request for leave to seal, courts in this Circuit have been guided by the six-factor test established in *United States v. Hubbard*, 650 F.2d 293, 314-315 (D.C. Cir. 1980). "The '*Hubbard* test' is our 'lodestar for evaluating motions to seal or unseal judicial records.'" *Perioperative Servs. & Logistics, LLC v. VA*, 57 F.4th 1061, 1066 (D.C. Cir. 2023), *quoting Leopold v. United States*, 964 F.3d 1121, 1127 (D.C. Cir. 2020)(internal quotation marks and citation omitted). Specifically, courts should weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017), *citing Hubbard*, 650 F.2d at 317-22. A seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires". *Metlife, Inc.*, 865 F.3d at 665-66, *quoting In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981).

Defendant Doe's Motion for Leave fails to address any of these factors. Nor does she reference *Hubbard* at all (or any case law, for that matter). That should cripple her Motion on its

own and necessitate its outright denial. For decades it has been well-settled in this Circuit that "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Davis v. Pension Benefit Guaranty Corp.*, 734 F.3d 1161, 1167 (D.C. Cir. 2013), *quoting Consol. Edison Co. of N.Y., Inc. v. FERC*, 510 F.3d 333, 340 (D.C. Cir. 2007)(internal quotation omitted).

Furthermore, although Defendant Doe's Proposed Motion and accompanying Proposed Declaration were filed alongside as exhibits in support of her Motion for Leave, it is unclear if they are actually operative documents before the Court given the current posture. In any event, they similarly fail to analyze the *Hubbard* factors.[6] Instead, they address the question of pseudonymity, which is not before the Court on this Motion (Dkt. 23).[7] Even if the Court proceeds to conduct a *Hubbard* analysis, based on the barebones Motion for Leave offered by Defendant Doe her position still fails on the merits.

First, Defendant Doe seeks to place *everything* under seal in its entirety rather than propose minimal or specific redactions. This factors against sealing. There was no effort to simply "obscure information that could be used to identify" while leaving the rest, including and especially the legal arguments, fully accessible. *Doe v. McHenry*, 2025 U.S. Dist. LEXIS 34937,

---

[6] Mr. Wright submits that a review of these attachments (provisionally under seal) fails to provide any support for Defendant Doe's argument under the *Hubbard* analysis. Of course, the Court is certainly within its discretion to review the accompanying sealed attachments if deemed pertinent. *See DBI Architects, P.C. v. Am. Express Travel Related Servs. Co.*, 462 F. Supp. 2d 1, 8 (D.D.C. 2006)(referencing court's reliance on review of sealed filings in conducting *Hubbard* analysis).

[7] Though Mr. Wright views Defendant Doe's pseudonymity filings (Dkt. 23-1, 23-2, 23-3) as not yet part of the official record, which would trigger an Opposition response, *accord* USCS Ct. App. D.C. Cir., Circuit R 27(h)(no response required to nonconforming motion until decision rendered on motion for leave), as a matter of precaution he is refiling Dkt. 18, which was not struck by the Court and therefore dangles alone without any operative Motion to oppose. Of course, in compliance with the Local Rules, an accompanying consented-to Motion for Leave to File under Seal is being submitted.

2025 WL 596650, at *2 (D.D.C. Jan. 31, 2025). Her effort was not "targeted" to "deprive the public of access only to" particularly sensitive or confidential information. *Monbo v. United States*, 2023 U.S. Dist. LEXIS 197178, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023)(this factor favored sealing where proposed redactions were "targeted and 'deprive[d] the public of access only to' confidential information specific to Plaintiff's business as a federal contractor"), *quoting M.A. v. Mayorkas*, 2023 U.S. Dist. LEXIS 146323, 2023 WL 5321924, at *3 (D.D.C. July 6, 2023).[8]

Additionally, the mere fact that, to date, Defendant Doe's filings in this action have been provisionally docketed under seal "is not a reason, in and of itself, to indefinitely maintain that seal and thus negate the public's access to judicial records, which the D.C. Circuit has described as 'fundamental to a democratic state.'" *See United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012), *quoting Hubbard*, 650 F.3d at 315 n.79.

The second factor should be viewed as neutral at best. Because the public has had no prior access to the specific documents in question, this factor neither favors nor disfavors sealing as to those materials. *See CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021)(second factor "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit"). That said, beyond Defendant Doe's identity, much of the other information that is discussed, such as dates and event details describing the context

---

[8] Notably, there is also significant public interest in the details of these proceedings. *See e.g.* Victoria Bekiempis, Fired DHS worker sues agency after he criticized Noem on alleged fake date, The Guardian, January 21, 2026, at *https://www.theguardian.com/us-news/2026/jan/21/fired-dhs-worker-date-lawsuit-noem*)(last viewed May 10, 2026); Carrie Johnson, Federal workers sue over sting operations by political provocateur James O'Keefe, National Public Radio, March 9, 2026, at *https://www.npr.org/2026/03/04/nx-s1-5707477/federal-workers-sue-over-sting-operations-by-political-provocateur-james-okeefe*)(last viewed May 10, 2026). Even Defendant Doe's non-party co-conspirator, James O'Keefe, has published a video on his YouTube channel about this case. *See https://www.youtube.com/watch?v=hJIEtbKpRHc* (last viewed May 10, 2026).

of how she engaged in deceit to entice Mr. Wright into the "date" in which he made remarks that subsequently led to the termination of his employment, are already on the public docket, to which Defendant Doe has not complained or sought judicial intervention to address. See Dkt. 1, ¶¶16-36 (filed January 29, 2026).

With respect to the third factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Of course, Mr. Wright does oppose the request.

The fourth factor should be viewed as lacking in Defendant Doe's favor. All she has argued on the record is that "[second paragraph, first sentence]."[9] Dkt. 23 at 1. As already noted, there is already a great deal of information already in the public record as part of the Complaint, which Defendant Doe has not sought to seal in any way. Dkt. 1. Her concerns sound more like involving reputational harm, and "[r]eputational harm alone is insufficient" under this factor. *Gilliard v. McWilliams*, 2019 U.S. Dist. LEXIS 122339, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019).

The fifth factor considers whether disclosure would legally prejudice Defendant Doe. *See United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020)("The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'"), *quoting United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011)). As Defendant

---

[9] As Defendant Doe's entire Motion, Dkt. 23, was unnecessarily filed under seal, which further demonstrates the prejudice imposed as a result, Mr. Wright will appropriately simply identify the location of the text of which he quotes.

Doe has identified no such legal prejudice tied to sealing the documents in their entirety, this factor is neutral or weighs against her.[10]

The sixth and final factor also favors disclosure, especially where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." *Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021), *quoting Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009). Again, Defendant Doe has sought to seal *everything* rather than limited portions of the pleadings. *See Abdelhady v. George Wash. Univ.*, 89 F.4th 955, 959 (D.C. Cir. 2024)("Indeed, whether Ms. Abdelhady solely wants to redact references to protected health information or instead seeks to entirely seal the documents that reference this sensitive information is unclear.").

An objective assessment of the *Hubbard* factors simply does not warrant the excessive conclusion that Defendant Doe's Motion for Leave is warranted or necessary.

### CONCLUSION

For the reasons outlined above, this Court should respectfully deny Defendant Doe's Sealed Motion for Leave to File Under Seal her Corrected Motion and Memorandum to Proceed Under Pseudonym, Sealed Declaration, and Proposed Order.

---

[10] What Defendant Doe seems to fail to realize is that whether her filings should be sealed by the Court after analysis of the *Hubbard* factors is a different consideration from whether she should be permitted to maintain her pseudonymity as set forth in *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020).

Date: May 11, 2026

Respectfully submitted,

*s/ Mark S. Zaid*

_____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 498-0011
(202) 907-7945
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff

9