UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON WRIGHT,

Plaintiff,

v. CASE NO.: 1:26-cv-00144-EGS

KRISTI NOEM,
et al.,

Defendants.
_______________________________/

**[~~PROPOSED~~] ORDER**

Upon consideration of Defendant Megan Heller's motion to withdraw her motion to seal and pseudonymity motion and for this Court to enter a protective order, it is hereby ORDERED that the motion is GRANTED upon the following terms.

**1. Definition and Limited Scope.** This Order applies only to Defendant Megan Heller's "Protected Contact Information." That term means Heller's full residential address or personal mailing address, including any apartment or unit number and ZIP code; her personal telephone number; her personal email address; the name and street address of any workplace at which she works; and any telephone number or email address used to contact her directly at that workplace. Protected Contact Information does not include Heller's name or identity, photograph or likeness, city and state of residence standing alone, professional title, a general business switchboard number or generic business email address, or any other biographical, identifying, or case-related information.

**2. Treatment in Discovery.** Protected Contact Information disclosed through discovery, a sealed filing, or another nonpublic means in this action shall be used solely to litigate this action and may be disclosed only to the court and court personnel; the parties, counsel of

record, and persons assisting counsel; retained experts or consultants; court reporters or litigation-service providers; witnesses or potential witnesses to the extent reasonably necessary; and any other person authorized by written agreement of the parties or order of the Court. Counsel shall advise any nonparty recipient that the information is subject to this Order. No separate confidentiality agreement is required. Nothing in this Order limits otherwise proper discovery.

3. **Public Filings.** Public filings shall identify Heller by her true name and shall not contain Protected Contact Information. A filing that necessarily contains Protected Contact Information shall be filed publicly with only that information redacted. The filing party shall contemporaneously submit an unredacted version under seal in accordance with Local Civil Rule 5.1(h), together with the public redacted version. This Order does not authorize sealing or redacting an entire document merely because it contains Protected Contact Information. A party need not file a separate motion to seal pursuant to Local Civil Rule 5.1(h)(1) when the only information redacted from the publicly filed pleading is Protected Contact Information.

4. **Previously Sealed Filings.** Absent further order of the Court, any filing previously sealed to conceal Heller's identity shall be made public. The following filings contain Protected Contact Information, and the existing unredacted version shall remain under seal. The filing party shall file public redacted versions redacting only Protected Contact Information of the following entries:

- ECF No. 23-2 – Sealed Declaration of Megan Heller
- ECF No. 32-2 – Sealed Declaration of Megan Heller

No other information shall remain sealed or redacted under this Order.

**5. Hearings and Trial.** This Order does not authorize closing any hearing or trial, sealing any trial exhibit, or withholding testimony from the public. A party that reasonably anticipates a

need to disclose Protected Contact Information in open court shall raise the issue with the Court in advance so that the Court may determine whether any additional, narrowly tailored protection is warranted.

**6. Independent Sources.** Except for the prohibition against placing Protected Contact Information on the public docket, this Order does not restrict the use or disclosure of information lawfully obtained from a source independent of discovery or the sealed record in this action.

**7. Inadvertent Disclosure; Modification and Enforcement.** An inadvertent disclosure of Protected Contact Information does not waive this Order. Upon learning of an inadvertent disclosure, the disclosing person shall promptly notify the parties and take reasonable steps to remove the information from public access and retrieve or secure any copies. Any party may seek modification of this Order for good cause after complying with Local Civil Rule 7(m). The obligations imposed by this Order survive the conclusion of this action unless the Court orders otherwise, and the Court retains jurisdiction to enforce them.

**SO ORDERED.**

Dated: August 18, 2026.

2026.08.18 16:01:03 -04'00'

Emmet G. Sullivan
United States District Judge