**FILED PROVISIONALLY UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRANDON WRIGHT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 26-144 (EGS) |
| | * | |
| MARKWAYNE MULLIN et al. | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S CONSENTED-TO CONSOLIDATED**
**MOTION TO PROVISIONALLY SEAL IDENTIFIED DOCUMENTS**

NOW COMES the Plaintiff Brandon Wright ("Mr. Wright"), by and through his undersigned counsel, to respectfully seek authorization from the Court to temporarily seal two contemporaneously filed pleadings: (1) his Opposition to Defendant Heidi Doe's Motion for Leave to File Motion and Declaration Under Seal, attached at Exhibit "A"; and (2) his Opposition to Sealed (Provisionally) Corrected Motion and Memorandum to Proceed Under Pseudonym with Partial Sealing and for a Protective Order, attached at Exhibit "B".

Undersigned counsel are candidly incredibly frustrated with the continued actions by Defendant Doe to unnecessarily file everything in its entirety under seal. All this accomplishes is to overcomplicate the litigation process, interfere with the public's right to know and impede Mr. Wright's ability to openly respond to prosecute his claims and defend against her arguments. In their combined multiple decades of civil litigation practice, especially involving sensitive federal government cases, the undersigned cannot recall another case in which so many documents (especially at its preliminary stage) have been filed under seal.[1]

[1] Once the Court rules on what information, if any, should be sealed, the Plaintiff will – if desired (and indeed suggests to) – publicly file each respective pleading individually in the normal course of practice so that the docket is clean for the Court, the Parties and the public to review.

Reluctantly, Mr. Wright is seeking the Court's permission to file these pleadings provisionally under seal as a precaution given the actions of Defendant Doe. To be clear, the undersigned believes nothing needs to be under seal at all. Nor do any of these filings meet the D.C. Circuit's "lodestar" test for evaluating motions to seal as described in *United States v. Hubbard*, 650 F.2d 293, 314-15 (D.C. Cir. 1980). Defendant Doe's actions are an excessive and arguably counterproductive use of sealed pleadings to debate the simple issue of whether she can hide her true name as a defendant in public filings. All filings, even if this Court were to permit Defendant Doe to withhold her identity, should be unsealed and filed on the public docket, with redactions only permitted where absolutely necessary. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409–10 (D.C. Cir. 1996)(party seeking leave to file information under seal bears burden of showing sealing is justified by compelling reasons that outweigh public's presumptive right of access).

Pursuant to Local Rule 7(m), the undersigned conferred with the Defendant's counsel regarding the relief sought by this Motion and they concurred. A proposed Order accompanies this filing.

Date: June 16, 2026

Respectfully submitted,

*s/ Mark S. Zaid*

______________________________

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June 2026, I served the foregoing by e-mail on all counsel of record for Defendant Heidi Doe.

*s/Mark S. Zaid*

______________________________

Mark S. Zaid, Esq.
Attorney for Plaintiff